**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | |
|---|---|
| **ANTHONY SANDOVAL** | |
| **v.** | **CIVIL ACTION NO. 4:19-CV-02222** |
| **W&T OFFSHORE, INC., ET AL.** | |

**MEMORANDUM IN SUPPORT**
**OF JOINT MOTION TO CONTINUE CERTAIN SCHEDULING ORDER DEADLINES**

**NOW INTO COURT**, through undersigned counsel, come Defendants, Wood Group PSN, Inc., Wood Group US International, Inc., Wood Group USA, Inc. (collectively "Wood Group"), W&T Offshore, Inc. ("W&T"), and Phil Guilbeau Offshore, Inc. ("PGOI") (collectively "Defendants") which jointly move to continue certain dates in the current Amended Scheduling Order.[1]

## I. PROCEDURAL BACKGROUND

Plaintiff in this matter, Anthony Sandoval, alleges that he was injured on May 10, 2019, during a personnel basket transfer from an oil and gas production platform in the Gulf of Mexico, owned by defendant W&T, to a vessel operated by PGOI, via a crane operated by an employee of Wood Group PSN, Inc. Plaintiff alleges that during this transfer he suffered injuries when he fell from the personnel basket to the deck of Phil Guilbeau Offshore, Inc.'s vessel. Plaintiff initially filed suit against W&T for his alleged injuries.[2]

After proceeding against W&T for over a year and less than ninety days from the scheduled docket call, Plaintiff first sought leave from this Court to add as additional defendants GOL, LLC,

[1] R. Doc. 88.
[2] R. Doc. 1-1.

Gulf Offshore Logistics, LLC, and Wood Group.[3] Plaintiff's request was granted, and GOL, LLC, Gulf Offshore Logistics, LLC, and Wood Group were joined as defendants on August 13, 2020.[4]

Even before GOL, LLC, Gulf Offshore Logistics, LLC, and Wood Group appeared in this matter, W&T was forced to move for a continuance of trial in this matter as a result of attempting for months to schedule fact witness depositions with Plaintiff's counsel.[5] Following a status conference on September 3, 2020, the docket call date was reset for May 3, 2021, but all of the pretrial deadlines remained the same.[6]

After filing responsive pleadings, GOL, LLC, Gulf Offshore Logistics, LLC and Wood Group moved to for the entry of a new scheduling order as all of the dates in the Court's September 3, 2020 order had already elapsed.[7] W&T joined in the request as well.[8] Plaintiff refused to respond to requests for consent to the new scheduling order proposed by GOL, LLC, Gulf Offshore Logistics, LLC, and Wood Group and later opposed stating "that should the parties work diligently and amicably, this matter can be resolved within the 2021 calendar year."[9] Given Plaintiff's failure to provide any response to correspondence regarding the continuance requested by GOL, LLC, Gulf Offshore Logistics, LLC and Wood Group, even to express the concerns about the proposed trial date featured in his later opposition, GOL, LLC, Gulf Offshore Logistics, LLC and Wood Group separately expressed their concerns about communication difficulties with Plaintiff's counsel causing delays in this case.[10] On March 15, 2021, the Court entered a new scheduling order with a docket call date of February 7, 2022.[11]

---

[3] R. Doc. 20.
[4] R. Doc. 23.
[5] R. Docs. 21, 21-1, 21-2.
[6] R. Doc. 38.
[7] R. Docs. 53, 53-1, p. 2.
[8] R. Doc. 54.
[9] R. Docs. 53-4, 56.
[10] R. Docs. 53-4, 58.
[11] R. Doc. 60.

On November 28, 2021, Plaintiff moved for trial continuance as result of the unfortunate death of his then liability expert.[12] Defendants *did not oppose* Plaintiff's request, and an Amended Scheduling Order was entered by the Court, continuing the docket call date to May 9, 2022.[13] All of the parties moved jointly for and were granted a final amendment of the scheduling order on February 7, 2022, setting the trial docket call date of August 8, 2022.[14]

## II. RELEVANT FACTUAL BACKGROUND

### A. THIRD-PARTY SUBPOENA ENFORCEMENT

Despite this long and tumultuous history, this case continues to be plagued with basic discovery difficulties stemming from two primary sources. As detailed exhaustively in other pleadings in this matter, Wood Group has for nearly a year now been attempting to collect information from Plaintiff's medical providers Dr. Masaki Oishi, Kraus Back & Neck Institute (collectively "Kraus"), and Altus Houston Hospital, L.P. ("Altus") relevant to Plaintiff's alleged damages.[15] The information sought by Wood Group's subpoenas is not only relevant, and therefore discoverable, but neither Altus nor Kraus has objected to its production.[16] Instead, both entities have been content to ignore both Wood Group's initial subpoenas and subsequent Motions to Compel – leaving Wood Group no choice but to file Motions for Contempt.[17]

Despite these efforts, Wood Group, and the Defendants as a group, are left without critical information necessary to their defenses against Plaintiff's claims for past and future medical expenses. Wood Group's subpoenas form only one part of the process of discovering information relevant to Plaintiff's damages, the second part being corporate depositions of Altus and Kraus.

---

[12] R. Doc. 78.
[13] R. Doc. 83.
[14] R. Doc. 87, 88.
[15] R. Docs. 73, 74, 81, 82, 93, 94, 96.
[16] *See* R. Doc. 96.
[17] *See* R. Docs. 73, 74, 93, 94.

But without the underlying documents requested in Wood Group's subpoenas, the Defendants ability to craft useful depositions topics for the Altus and Kraus entities is greatly constrained. While this difficulty has been discussed with Plaintiff's counsel, Plaintiff's counsel on one hand disclaims any relationship with the Altus and Kraus entities while portraying himself as their attorney on the other.[18]

### B. OTHER OUTSTANDING DISCOVERY

Neither Wood Group nor PGOI were parties to this case when the Plaintiff was deposed, and despite his earlier deposition by W&T, both Wood Group and PGOI have a right to depose Plaintiff regarding his allegations against them. Despite repeated requests, Plaintiff's counsel only provided deposition dates *last night, after* Defendants requested his consent to a continuance in this matter.[19] Significantly, PGOI had first requested deposition dates for the Plaintiff in October of 2021, over seven (7) months ago.[20] And despite prior assurances to the Court by Plaintiff that discovery would "be completed by June 7, 2022," Plaintiff has outstanding requests for the depositions of a corporate representative from PGOI along with the captain of the PGOI vessel involved in the incident at issue.[21] A review of the various motions filed in relation to the history recounted above reveal a recurring communication problems that have caused delays at every step.

## III. LAW AND ARGUMENT

### A. STANDARD FOR MODIFICATION OF THE SCHEDULING ORDER

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Whether to grant or deny a continuance is within the sound discretion of the trial court. In deciding whether to grant a continuance, the Court's 'judgment range is

[18] *See* R. Docs. 95, 96.
[19] Exhibit 1, emails exchanged between counsel for Plaintiff and PGOI.
[20] Exhibit 1, emails exchanged between counsel for Plaintiff and PGOI.
[21] R. Doc. 95; Exhibit 2, email from counsel for Plaintiff to counsel for Wood Group.

exceedingly wide,' for it 'must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's.'" *Jones v. Phil Guilbeau Offshore, Inc.,* No. CIV.A. 13-5078, 2014 WL 4186784, at *1 (E.D. La. Aug. 22, 2014) (citing *Streber v. Hunter,* 221 F.3d 701, 736 (5th Cir. 2000); *United States v. Alix,* 86 F.3d 429, 434 (5th Cir. 1996)); *Wells v. Rushing,* 755 F.2d 376, 380 (5th Cir. 1985). This rule "requires a party to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Douglas v. Select Portfolio Servicing, Inc.*, No. 4:14-1329, 2015 WL 1064623, at *3 (S.D. Tex. Mar. 11, 2015) (quoting *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009)). Importantly, federal courts have consistently declined to adopt an unnecessarily rigorous notion of "good cause" because such a standard may motivate litigants to seek unduly distant deadlines at the inception of a case. *Hayes v. GGP-Four Seasons, L.L.C.*, 2011 WL 1466409, at *4 (M.D.N.C. Apr. 18, 2011); *see also,* FED. R. CIV. P. 16 advisory committee's note, 1983 Amendment, Discussion, Subdivision (b) ("th[e] [good cause] standard seems more appropriate than a 'manifest injustice' or 'substantial hardship' test. Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery.").

### B. GOOD CAUSE EXISTS IN THIS CASE FOR THE BRIEF CONTINUANCE REQUESTED HEREIN

The Fifth Circuit has instructed that district courts should consider four factors when deciding whether there is good cause under Rule 16(b)(4) to modify the scheduling order: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th

Cir. 2015) (citation omitted). Here, each of the foregoing factors supports the granting of this Motion.

First, Defendants' explanation for requesting the continuance is due to the the repeated delays that they have encountered in obtaining necessary discovery in this case. Most crucially, Defendant have been stonewalled from obtaining even basic information from the Plaintiff's treating medical providers, Kraus and Altus. These delays are not at all due to the fault of Defendants, but rather, the willful refusal of Kraus and Altus to comply with properly issued record subpoenas. Both entities ignored Wood Group's initial subpoenas and subsequent Motions to Compel – leaving Wood Group no choice but to file Motions for Contempt.[22] As noted above, the delay in obtaining the Plaintiff's medical records have delayed the scheduling of the deposition of the Plaintiff's treating physician, Dr. Oishi, as well as the corporate depositions of Kraus and Altus. These depositions cannot occur until Defendants are able to obtain the information that this Court has long since ordered be produced.

The other discovery that also still needs to occur before trial – the deposition of Plaintiff and the PGOI depositions – was likewise not delayed due to the fault of Defendants. Rather, counsel for PGOI and Wood Group, who were added as parties after the Plaintiff's initial deposition, have repeatedly requested that Plaintiff's counsel produce Sandoval for a deposition. Indeed, counsel for PGOI initially requested that Sandoval provide dates of availability for a deposition ***in October 2021***.[23] Crucially, it was not until ***June 9, 2022*** – after counsel for Plaintiff was made aware that Defendants intended to seek a continuance due to the discovery related issues

[22] *See* R. Docs. 73, 74, 93, 94.
[23] Exhibit 1, emails exchanged between counsel for Plaintiff and PGOI.

– that he provided dates of availability for Sandoval to be deposed, ***over seven (7) months*** after they had originally been requested.[24]

The lengthy delay in providing deposition dates for Sandoval is simply the latest example of the lack of cooperation that has been exhibited from Plaintiff's counsel throughout discovery, which has needlessly delayed this litigation and impaired the Defendants from fully developing their defenses. Courts have consistently found that, where a request to continue or modify a scheduling order deadline is made necessary by another party's failure to cooperate in discovery, the requisite standard of "good cause" under Rule 16 is satisfied. *See, e.g., West v. Americare Long Term Speciality Hosp., LLC*, 2010 WL 4340905, at *2 (W.D. Tenn. Oct. 12, 2010) (finding plaintiffs demonstrated good cause to modify scheduling order where the modification was due to the defendant's "dilatory tactics" and refusal to cooperate during discovery); *State Farm Mut. Auto. Ins. Co. v. Fisher*, 2009 WL 1586921, at *3 (D. Colo. June 3, 2009) (finding good cause to modify scheduling order due to defendant's counsel refusal to cooperate in scheduling depositions).

The second factor requires that this Court consider the importance of the modification. The importance of the requested modification is abundantly clear – if the Motion is not granted, then Defendants will be likely be forced to try this case without the opportunity to fully prepare their case-in-defense on damages. More specifically, through these medical providers, Kraus and Altus, the Plaintiff claims to have incurred a staggering $650,000 in past medical expenses, based on amounts that these providers have charged the Plaintiff, but that have ***not*** actually been paid. Armed with this highly inflated past medical expense claim, Plaintiff has also produced a lifecare

[24] Exhibit 1, emails exchanged between counsel for Plaintiff and PGOI.

plan that projects an equally inflated (and inaccurate) cost for future care allegedly necessitated by the accident.

Regarding the third and fourth factors, a continuance will not prejudice any party in this case. Rather, a continuance creates a more settled picture of Plaintiff's claim for past and future medical expenses and will aid the finder of fact in more accurately assessing damages (assuming, *arguendo*, that factfinder first finds both that Defendants are liable and that Plaintiff is entitled to an award of these damages, which is denied).

Moreover, Plaintiff suffers no conceivable prejudice or hardship by a continuance of the trial date and the remaining deadlines. Indeed, the Plaintiff himself recently requested a continuance of the docket call date to May 9, 2022, which Defendants consented to as a professional courtesy. Thereafter, the Plaintiff and the Defendants jointly for an additional continuance to August 8, 2022. Based on the foregoing, there is simply no prejudice that will be caused to the Plaintiff by the brief ninety (90) day continuance to the docket call, motion deadline, and discovery cutoff as requested herein.

Finally, Defendant's reasons for continuance were not caused by any fault or lack of diligence of the Defendant. Rather, if anyone is responsible for the continuance, it is the Plaintiff himself. His counsel refused to provide dates of availability for a deposition until June 9, 2022, and only after he became aware that the Defendants intended to move for a continuance because of the significant discovery issues that have impaired Defendants' ability to fully prepare this case for trial.

## IV. CONCLUSION

For the foregoing reasons, good cause exists to continue the trial docket call date of August 8, 2022, the dispositive motion deadline of June 26, 2022, as well as the discovery completion date of June 7, 2022. The Motion should be granted.

Respectfully submitted:

**KING & JURGENS LLC**

*/s/ George B. Jurgens, III*
George B. Jurgens, III, T.A. (#7602)
W. Spencer King (#35869)
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
Telephone: (504) 582-3800
Fax: (504) 582-1233
E-mail: gjurgens@kingjurgens.com
E-mail: sking@kingjurgens.com

**COUNSEL FOR DEFENDANT, W&T OFFSHORE, INC.**

**-AND-**

**HELM LAW FIRM, L.L.C.**

*/s/ Michael G. Helm*
Michael G. Helm
State Bar No. 18946
P.O. Box 4207
Covington, LA 70434-4207
Telephone: (985) 867-8667
Facsimile: (985) 867-8217
mhelm@helmlawfirm.com

**COUNSEL FOR DEFENDANT, PHIL GUILBEAU OFFSHORE, INC.**

**-AND-**

**KEAN MILLER LLP**

*/s/ Daniel B. Stanton*
John Jakuback
State Bar No. 24071604
Kean Miller LLP
711 Louisiana Street
Suite 1900 South Tower
Houston, TX 77002
Telephone: (713) 844-3000
Facsimile: (713) 844-3020
john.jakuback@keanmiller.com

Charles R. Talley (La. Bar 12634)
(Admitted *Pro Hac Vice*)
Daniel B. Stanton
(Admitted *Pro Hac Vice*)
Kean Miller LLP
First Bank and Trust Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3051
chuck.talley@keanmiller.com
daniel.stanton@keanmiller.com

**ATTORNEYS FOR DEFENDANTS, WOOD GROUP PSN, INC., WOOD GROUP US INTERNATIONAL, INC., AND WOOD GROUP USA, INC.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this the 13th day of June 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

*/s/ Daniel B. Stanton*
**DANIEL STANTON**