UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY SANDOVAL | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-02222 |
| | § | |
| W&T OFFSHORE, INC., and | § | |
| PHIL GUILBEAU OFFSHORE, INC. | § | |
| | § | |
| Defendants | § | |

**PLAINTIFF'S OPPOSITION RESPONSE TO DEFENDANTS' MOTIONS FOR CONTINUANCE**

The Court should deny Defendants Wood Group PSN, Inc., Wood Group US International, Inc., Wood Group USA, Inc., W&T Offshore, Inc., and Phil Guilbeau Offshore, Inc.'s (collectively "Defendants") Motions for Continuance (Doc. No. 98) because:

1. This straight-forward personal injury case has been on the Court's docket for over 3 years now. All Defendants have been joined in the case since August 2020—almost 2 years ago. Plaintiff is ready for trial. Another 90-day delay, per Defendants' Motion, is excessive when all necessary discovery has been completed. Justice delayed is justice denied.

2. Defendants failed to establish good cause for yet another continuance (fifth) in this case. Defendants' excuse for another continuance is mainly based on their obsession with acquiring irrelevant information from Plaintiff's treating physicians—non-parties in this case. Defendants' obsession with their witch-hunt and fishing expedition type discovery does not constitute good cause.

3. The August 1, 2022 docket call date is still a month away. There has been ample time for the parties to complete any necessary discovery—non-witch-hunt and non-fishing-expedition discovery. There is simply no good cause for a fifth continuance of this case.

## I.

## <u>BACKGROUND</u>

This case arises out of a workplace injury. On May 10, 2019, Mr. Sandoval was working for Performance Energy Services ("PES") as a scaffold-builder and was injured while working on a W&T Offshore platform. Mr. Sandoval was injured when he was being carried in a personnel basket from the platform to the transport vessel *M/V LUCAS JOHN* operated and manned by Defendant Phil Guilbeau Offshore, Inc. The personnel basket is lifted by a crane and controlled by the crane operator. As Mr. Sandoval was being transferred in the personnel basket, the crane operator (working for Wood Group) dropped the personnel basket to the deck. Mr. Sandoval was seriously injured.

Plaintiff filed his original complaint with Texas state court on May 28, 2019, which was removed to this Court on June 20, 2019. On August 13, 2020, additional defendants were joined by Plaintiff. By October 2020—almost 2 years ago—all Defendants have appeared and answered. *See e.g.*, <u>Doc. Nos. 16, 45, 47, and 48</u>. Due to various reasons, there have been 4 continuances in this case already, resetting the docket call date from the original May 3, 2021 to now August 1, 2022. *See* <u>Doc. Nos. 21, 53, 78, and 87</u>.

It is Plaintiff's position that all essential discovery has been completed. Despite the long litigation which has been dragged on for years, Defendants, particularly the Wood Group Defendants, have been seeking irrelevant and impermissible discovery on non-parties. *See* <u>Doc. Nos. 93 and 95</u>. In a nutshell, Defendants have been attempting to acquire information on "all patients" of two medical providers, whose sole connection to this case was providing medical care to Plaintiff. Defendants' excuses based on unreasonable and impermissible discovery request are not good cause for a fifth continuance of this case.

## II.

## <u>ARGUMENT</u>

Deadlines in a Rule 16 scheduling order may only be modified upon a showing of "good cause". *See* Fed. R. Civ. P. 16(b)(4). Showing of good cause requires the evaluation of four factors: (1) the explanation for the requested extension; (2) its importance; (3) prejudice resulting to the opposing party; and (4) the availability of a continuance to cure the prejudice. *S&W Enterprises, L.L.C v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). Here, all four factors weigh against extending the deadlines in this case.

### A. Defendants' explanation is unreasonable.

Obtaining information on "all patients" of two medical providers merely because they provided medical care to Plaintiff is neither necessary nor permissible discovery. Simply put, Defendants are doing a witch-hunt through a fishing expedition type discovery abuse. Accordingly, the Court should deny Defendants' motion on this reason alone. Plaintiff's counsel has offered dates for Plaintiff's second deposition. Defendants' lack of diligence does not constitute a reasonable explanation for failing to lock in a deposition in almost 8 months (the parties have taken 8 witness depositions already in this straight-forward personal injury case).

### B. Impermissible discovery on non-parties is not essential for the case to be tried on the merits.

The second factor looks to the importance of the extension requested. Defendants' explanation is based on impermissible discovery on non-parties, which, by itself, is sufficient to deny Defendants' motion. There is no reason that information on "all patients"—who have no connection to this case whatsoever—of Plaintiff's medical providers is even relevant to the

case, much less than essential or important to the trial of this case. The parties have deposed Plaintiff, corporate representatives, and fact witnesses - a total of 8 depositions. All essential discovery has been completed. Accordingly, this factor also weighs against an extension. The Court should therefore deny Defendants' motion.

**C. Plaintiff will be prejudiced by further delay in this case.**

It has been well established that justice delayed is justice denied. *See e.g.*, *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S. Ct. 322, 324, 94 L. Ed. 299 (1950) (held that district court must weigh "the danger of denying justice by delay"). This case has been on the Court's docket for 3 years now. Plaintiff is ready for trial to vindicate his rights.

**D. A fifth continuance will prejudice Plaintiff and should be denied.**

The fourth and final factor in determining if good cause exists looks to whether a continuance is available to cure the prejudice. *S&W Enterprises*, 315 F.3d at 536. Plaintiff filed his case on May 28, 2019, which was removed to this Court on June 20, 2019—over 3 years ago. The docket call date for this case has been continued 4 times already. There is no good-cause reason for yet another continuance There is no reason for the Court to delay justice for Plaintiff. The Court should deny Defendants' motion.

Weighing all the *S&W Enterprises* factors as a whole, the factors predominantly weigh against another continuance. Plaintiff respectfully requests the Court deny Defendants' motion.

**III.**

**CONCLUSION**

Plaintiff respectfully requests that the Court deny Defendants' Motions for Continuance (Doc. No. 98).

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Trevor Courtney*
Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfinldey@arnolditkin.com
Trevor M. Courtney
SBN: 24125599 (*Pro Hac Vice*)
tcourtney@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
(713) 222-3800- Telephone
(713) 222-3850 – Facsimile
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 5, 2022, a true and correct copy of this motion was served on all counsel of record by uploading the same to the Court's CM/ECF System.

*/s/ Trevor Courtney*
Trevor Courtney